# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-0133V
(not to be published)

| | |
|---|---|
| JOHN I. DEVEY, III,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: June 14, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Matthew F. Belanger*, Faraci Lange, LLP, Rochester, NY, for Petitioner.

*Martin Conway Galvin*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 6, 2021, John I. Devey, III filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine that was administered on September 19, 2018. Petition at 1. On March 27, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 42.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $48,001.75 (representing $44,652.00 for fees and $3,349.75 in costs). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed Apr. 13, 2023, ECF No. 46. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 46-3.

Respondent reacted to the motion on Apr. 21, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 47. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for attorney Matthew F. Belanger at a single hourly rate ($400) for all work performed from 2019-23. ECF No. 46-2. This rate requires adjustment.

Mr. Belanger has been a practicing attorney since 1991, placing him in the range of attorneys with 31+ years of experience on the OSM Attorneys' Forum Hourly Rate Schedule. However, Mr. Belanger was previously awarded the lesser rate of $375 per hour for time billed in the 2019-22 period. See *Schnaufer v. Sec'y of Health & Hum. Servs.*, No. 20-0189V, 2021 WL 4465832 (Fed. Cl. Spec. Mstr. Aug. 27, 2021); and *Callahan v. Sec'y of Health & Hum. Servs.*, No. 20-0510V, 2022 WL 16550091 (Fed. Cl. Spec. Mstr. Sept. 30, 2022). I find no reason to deviate from the previously awarded rate. Accordingly, I reduce Mr. Belanger's rate to what he was previously awarded. This results in a reduction of attorney's fees to be awarded of **$2,687.50**.[3]

For work performed in 2023 however, I find that it is reasonable to compensate Mr. Belanger at the requested rate of $400 per hour (representing a $25 dollar increase).

## ATTORNEY COSTS

Petitioner requests $3,349.75 in overall costs (representing $549.75 for attorneys' costs; and $2,800.00 in expert witness fees). Petitioner has provided supporting documentation for all claimed costs (ECF No. 46-4), and Respondent offered no specific objection to the rates or amounts sought.

Petitioner's expert, Dr. Ilya Voloshin, MD reviewed medical records and prepared an affidavit on causation in this matter. *Id.* at 3. Dr. Voloshin requests compensation at the hourly rate of $700.00. Motion at 7, 33. Albeit on the higher end, the total amount billed by Dr. Voloshin [4 hours at the rate of $700; totaling $2,800.00], is reasonable in light of the work product produced in this case. However, considering that Ms. Voloshin's hourly rate has not been previously established, I am not endorsing or finding reasonable any specific hourly rate for Dr. Voloshin's work in the Vaccine Program at this time.

---

[3] This amount consists of ($400 - $375 = $25 x 107.50 hrs = $2,687.50)

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **I award a total of $45,314.25 (representing $41,964.50 for attorneys' fees and $3,349.75 for costs), as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Matthew F. Belanger.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.